UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| John Anthony Castro, | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:23-cv-00416-JL-TSM |
| NH Secretary of State David Scanlan and Donald John Trump, | ) |
| Defendants. | ) |

**NHRSC'S REPLY TO PLAINTIFF'S OBJECTION
TO MOTION TO INTERVENE**

The New Hampshire Republican State Committee (the "NHRSC"), a New Hampshire voluntary corporation, hereby submits this reply to the plaintiff's objection to its motion for intervention.

1. The plaintiff's objection proceeds on a misapprehension of the NHRSC's grounds for intervention. The NHRSC is not seeking to intervene on behalf of Mr. Trump; indeed, the NHRSC has a strict policy of neutrality in the presidential primary. Rather, the NHRSC is seeking to intervene to protect and further the interests of all Republican voters in New Hampshire, whose right to vote for the candidate of their choice is threatened by the remedy the plaintiff seeks.

2. Contrary to plaintiff's assertion, it is not at all uncommon for state political parties to intervene in cases that might adversely affect their nominees or the interests of their voters in selecting the candidates of their choice. *See, e.g., Texas Democratic Party v. Benkiser*, 459 F.3d

1

582, 588 (5th Cir. 2006) (allowing intervention of a political party where it sought to represent the interests of its nominee).  Courts across the country have acknowledged that "political parties usually have good cause to intervene in disputes over election rules." *Issa v. Newsom*, Doc. 23 at 2, No. 2:20-cv-1044 (E.D. Cal. June 8, 2020); *see, e.g., New Georgia Project v. Raffensperger,* 2021 WL 2450647 (N.D. Ga. June 4, 2021) (granting intervention to RNC, NRSC, Georgia Republican Party, and NRCC); *Alliance for Retired Americans v. Dunlap, No. CV-20-95* (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs,* Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC).  The NHRSC's interest is all the more acute here because removing a candidate from the ballot is invariably a deprivation of a voter's right to select the candidate of his or her choice, whereas election rules typically burden the right to vote to some extent but do not often work a total deprivation.

3.   The plaintiff's reliance on *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998) does not contradict this conclusion.  *Patch* merely sets forth the standard for intervention as of right.  It does not address whether a political party is entitled to intervene on behalf of its voters.

4.   Plaintiff's argument that Mr. Trump's lawyers will adequately represent his interests misses the point.  Mr. Trump's lawyers have a duty to protect his interests as a candidate.  They do not represent the interests of Republican voters in New Hampshire to vote for the candidate of their choice.  It is immaterial to the NHRSC's interest that the plaintiff has chosen to seek Mr. Trump's disqualification as opposed to the exclusion of some other candidate.  It is the attempted disqualification of a candidate with substantial support in New

Hampshire that gives rise to the interests of New Hampshire Republicans who will be voting in the Republican primary for the nominee of their party.

    For all the foregoing reasons and those set forth in its motion, the NHRSC respectfully requests that the court grant its motion to intervene.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | New Hampshire Republican State Committee,<br>By Its Attorneys, |
| Dated:  9/25/23 |       /s/ Morgan G. Tanafon<br>Bryan K. Gould, Esq. (NH Bar #8165)<br>gouldb@cwbpa.com<br>Morgan G. Tanafon, Esq. (NH Bar #273632)<br>tanafonm@cwbpa.com<br>Cleveland, Waters and Bass, P.A.<br>Two Capital Plaza, P.O. Box 1137<br>Concord, NH 03302-1137<br>Telephone: (603) 224-7761<br>Facsimile:  (603) 224-6457 |

### CERTIFICATE OF SERVICE

    I hereby certify that the within document is being served electronically through the court's electronic filing system upon counsel of record and all other parties who have entered electronic service contacts in this docket.

Dated:  9/25/23                                                                   /s/ Morgan G. Tanafon<br>                                                                                     Morgan G. Tanafon, Esq.