## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063 | ) ) ) | |
| Plaintiff, | ) ) | |
| *v.* | ) ) | |
| SECRETARY OF STATE DAVID<br>SCANLAN<br>107 North Main Street, Room 204, Concord,<br>NH 03301 | ) ) ) ) ) | Case No. 1:23-cv-00416-JL-TSM |
| DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480 | ) ) ) | |
| Defendants. | ) | |

### RESPONSE IN OPPOSITION TO DEFENDANT SECRETARY OF STATE'S MOTION TO DISMISS

Plaintiff John Anthony Castro, pro se, submits this Response in Opposition to Defendant Secretary of State's Motion to Dismiss and states as follows:

### STANDING

Defendant Secretary of State does not seem to understand that accepting Defendant Donald John Trump's ballot access documentation, printing Defendant Donald John Trump's name on ballots, counting Defendant Donald John Trump's votes whether write-in or not; each one of those acts is in furtherance of a threatened violation of Section 3 of the 14th Amendment. Each one of those acts is an injury to Plaintiff. Each one of those acts is subject to injunctive relief.

Standing with regard to Defendant Donald John Trump will be mooted before the next hearing because Plaintiff will have submitted his ballot access documentation along with the $1000 nominal fee unless the Secretary of State's Office engages in obstructionist conduct to deny

1

Plaintiff's ballot access documentation, which is expected and for which a TRO is ready to be filed.

### NONJUSTICIABLE POLITICAL QUESTION

Like Defendant Donald John Trump's appellate counsel, Defendant Secretary of State makes the same nonsensical claims that this is a nonjusticiable political question.

Defendant Secretary of State cites *Berg v. Obama*, but that case was dismissed for lack of standing because voters never have standing to challenge the qualifications of a candidate because the injury is too generalized.[1]  Everything else mentioned in the case is dicta taken out of context with the Court expressing what "seemed" to be the case without legal analysis.  This case was correctly decided on the merits, which was standing; not the political question doctrine.

Defendant Secretary of State then cites *Robinson v. Bowen*, but that case was heard 49 days before the General Election.[2]  In that case, the Court made clear that "[t]urning to the viability of the case at large, plaintiff has no standing to challenge Senator McCain's qualifications. Plaintiff is a mere candidate hoping to become a California elector pledged to an obscure third-party candidate whose presidential prospects are theoretical at best. Plaintiff has, therefore, no greater stake in the matter than a taxpayer or voter.[3]  In non-binding *dicta*, the Court explained that relief could still be attained through the political process (*i.e.*, the Electoral College); however, this again was non-binding *dicta*.  By the time the Court heard this case, ballots had been printed and judicial intervention would have caused political chaos.  The plaintiff in that case was also likely guilty of laches; waiting too long to bring his action.  This case was correctly decided on the merits, which was standing; not the political question doctrine.

---

[1] *See Berg v. Obama*, 586 F.3d 234 (3d Cir. 2009).
[2] Robinson v. Bowen, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008)
[3] Id.

2

Defendant Secretary of State then cites *Kerchner v. Obama*, but that was a case filed after President Obama's inauguration.[4]  In that case, the Electoral College had already certified Barack Obama as President of the United States.[5]  Hence, this case was correctly decided on the merits, which was the political question doctrine.

Defendant Secretary of State then cites *Grinols v. Electoral College*, but that case involved a lawsuit against the Electoral College itself.[6]  Of course the political question doctrine applied. The federal judiciary's intervention would have violated the Separation of Powers doctrine since the process and mechanics of the Electoral College are committed to a political branch.

Defendant Secretary of State then cites Taitz v. Democratic Party of Mississippi, but that case was decided on standing.[7]  Defendant Secretary of State again grasps for non-binding and unanalyzed statement made in *dicta* with a foolish attempt to draw an analogy to my Reply Brief before the U.S. Court of Appeals for the 11th Circuit.

Honestly, at this point, Plaintiff feels like he's providing a Continuing Education Course on the Political Question Doctrine.  It is quite clear that Defendant Secretary of State either grossly misunderstands the political question doctrine or is putting forth frivolous arguments.

Defendant Secretary of State then cites to numerous state decisions for the proposition that Chief Election Officers do not have the authority to declare a candidate ineligible when that issue is not even before this Court.

### PRESIDENTIAL QUALIFICATIONS ARE SELF-EXECUTING

---

[4]

[5]

[6] Grinols v. Electoral Coll., No. 12-CV-02997-MCE-DAD, 2013 WL 211135 (E.D. Cal. Jan. 16, 2013).
[7] Taitz v. Democrat Party of Mississippi, No. 3:12-CV-280-HTW-LRA, 2015 WL 11017373 (S.D. Miss. Mar. 31, 2015).

Based on Defendant Secretary of State's interpretation of the U.S. Constitution, because Presidential qualifications as outlined in the United States Constitution are not self-executing, he would be forced to accept ballot access documentation for Russian President Vladimir Putin and no one would have standing to sue to stop him.  If that sounds ridiculous, Plaintiff reminds this Court that this is the argument being made by Defendant Secretary of State; not Plaintiff.  It sounds ridiculous because it is ridiculous.

Under the Federal Rules of Civil Procedure, ridiculous legal arguments are classified as "frivolous" and subject to sanctions *sua sponte* by this Court under Fed. R. Civ. P. 11(b)(2). Plaintiff will not take the bait and motion for sanctions since that would delay the proceedings, but that is how egregiously frivolous this legal argument is.

Defendant Secretary of State then attempts to analyze the history of Section 3 of the 14th Amendment.  In doing so, Defendant Secretary of State mistakenly argues in favor of Plaintiff's position.  The Enforcement Act that Defendant Secretary of State references was enabling legislation that gave law enforcement the power to enforce Section 3 of the 14th Amendment since, without that, only fellow candidates would have had standing, and politicians are renowned for being spineless.  For example, not a single other Republican candidate for the Presidency, including ones that purport to be anti-Trump, are willing to join this suit (*i.e.*, spineless).  To remedy this, Congress gave prosecutors the power to enforce it themselves.

The repeal of the Enforcement Act did not alter the "case or controversy" standard for federal standing.

Based on Defendant Secretary of State's interpretation, Section 3 of the 14th Amendment to the U.S. Constitution are simply unenforceable meaningless words from a bygone Civil War era.  It is not.  It is part of our sacred United States Constitution that this Court swore to defend

and uphold against all enemies, foreign and domestic.  It is a Presidential Qualification that supplemented existing self-executing Constitutional qualifications to hold public office in the United States.

## REQUESTED RELIEF

For the foregoing reason, this Honorable Court should sanction Defendant Secretary of State for advocating for patently frivolous legal arguments and deny its Motion to Dismiss in its entirety.

Dated: September 29, 2023.                 Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff *Pro Se***

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was electronically filed with the Court via CM/ECG on  September 29, 2023 and that all parties are registered users of said system and will be electronically notified.

/s/ *John Anthony Castro*
John Anthony Castro