**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JOHN ANTHONY CASTRO ) <br> 12 Park Place, Mansfield, TX 76063 ) <br>  ) <br>     Plaintiff, ) <br>  ) <br> *v.* ) <br>  ) <br> SECRETARY OF STATE DAVID ) <br> SCANLAN ) <br> 107 North Main Street, Room 204, Concord, ) <br> NH 03301 ) <br>  ) <br> DONALD JOHN TRUMP ) <br> 1100 S. Ocean Blvd, Palm Beach, FL 33480 ) <br>  ) <br>     Defendants. ) | Case No. 1:23-cv-00416-JL-TSM |

**REPLY TO SECRETARY OF STATE'S OBJECTION TO**
**PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff John Anthony Castro, pro se, submits this filing and states as follows:

Plaintiff requested temporary injunctive relief to prevent Defendant Secretary of State from accepting and/or processing ballot access documentation from the constitutionally disqualified Defendant Donald John Trump. After some discussion, it was agreed this would transform into preliminary injunctive relief. However, upon final judgment, Plaintiff intends to seek a permanent injunction covering any and all avenues that the thrice-indicted Defendant Donald John Trump will exploit to circumvent a court ruling, which would include having his supporters write-in his name.

As the Supreme Court explained in *Ashcroft v. Iqbal*, which is taught in every law school in America in the first year, one must plead "sufficient *factual* matter" showing entitlement to

1

relief.[1]  The key is pleading factual matters; not precise legal relief.  Any relief that can be deduced from the factual matters evidencing injury can be redressed by the Court.

This could be an injunction against the state from processing the declaration of candidacy, preventing the state from printing a name on a ballot if the paperwork has already been processed, preventing the state from counting votes in favor of a constitutionally disqualified candidate, etc.

A ministerial act of filing a declaration of candidacy and paying a $1,000 nominal fee is hardly a bar to jurisdiction when both parties have clearly expressed their intent to be on the New Hampshire Republican Party primary ballot.

If the Court was so inclined to entertain this argument, Plaintiff asks the Court to delay ruling until after the filing deadline so that both Plaintiff John Anthony Castro and Defendant Donald John Trump would have already applied to be on the ballot thereby neutralizing this issue.

Defendant Secretary of State made a public announcement confirming that he would accept the Declaration of Candidacy and $1,000 filing fee from anyone.  Plaintiff mocked this position by illustrating that if Russian President Vladimir Putin filed, Defendant Secretary of State would accept it.  That statement of his official policy made clear his intent to violate the U.S. Constitution.  Courts do not have to wait for an actual injury to occur.  When the threat is real and substantial, Courts may act to prevent it by granting injunctive relief.

We all know Defendant Donald John Trump intends to be on the ballot in New Hampshire.  Defendant Donald John Trump may strategically choose to wait until the last day to file to frustrate this Court; however, I have a scheduled meeting in Concord, New Hampshire, to file my Declaration of Candidacy with the $1,000 filing fee on Wednesday, October 11.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

A Presidential campaign need not be viewed in the vacuum of a single state. Plaintiff John Anthony Castro has already filed his paperwork to be on the Nevada Republican Primary ballot. New Hampshire is next. After that, Arizona. In many other states, Plaintiff will be a write-in for the Republican nomination. Plaintiff and Defendant Donald John Trump are both candidates in the same race. This is a national race that must be viewed as a whole; not in a vacuum.

## REQUESTED RELIEF

For the foregoing reason, this Honorable Court should continue with a trial on the merits. Alternatively, this Court should delay its ruling until Monday, November 6, 2023; one business week after the close of the filing period to account for ballot access documentation delivery by mail if Defendants intend to play this game.

Dated: October 5, 2023.    Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was electronically filed with the Court via CM/ECG on October 5, 2023 and that all parties are registered users of said system and will be electronically notified.

*/s/ John Anthony Castro*
John Anthony Castro